UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL WEST,

                                   *Plaintiff,*

        v.

KEVIN P. MATTHEWS, MEGAN LINARES,
ADAM NELSON SUBVERI,

                                   *Defendants*.

Civil Action No. 21-15122

**OPINION**

May 19, 2025

**SEMPER**, District Judge.

THIS MATTER comes before the Court upon Defendants Kevin P. Matthews (an FBI Agent), Megan Linares (an Assistant U.S. Attorney), and Adam Nelsons Subveri's (an Assistant U.S. Attorney) collective Motion to Dismiss (ECF 35, "Motion" or "Mot.") Plaintiff Michael West's Complaint (ECF 1, "Compl."). The Court has decided this Motion upon the parties' submissions, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons set forth below, Defendants' Motion is **GRANTED**.

WHEREAS on August 11, 2021, Plaintiff filed the Complaint, alleging violations of his civil rights under 42 U.S.C. § 1983 and seeking removal from the sex offender registry and $25,000,000 in damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Compl. at 5.) The alleged violations relate to Plaintiff's 2010 arrest and subsequent 2012 conviction by guilty plea for federal child pornography charges. (Mot. at 2; *see also West v. United States*, No. 13-5339, 2017 WL 187147 at *1 (D.N.J. 2017).) Specifically, West alleges that the search, seizure, and arrest he was subject to in 2010 were unlawful, and that Defendants, in prosecuting the federal government's case against him (which

1

was based on that search, seizure, and arrest) and classifying him as a Tier 2 sex offender under New Jersey's Megan's Law[1], "are verbally legalizing prior police misconduct." (Compl. at 3.); and

**WHEREAS** Defendants move to dismiss the complaint on three grounds. First, they argue that the Court should not extend relief under *Bivens* to Plaintiff's claims, as "he does not merely bring straightforward Fourth Amendment search or seizure claims" but rather "is seeking to sue the Federal Defendants for allegedly violating his rights in connection with a Megan's Law hearing" which is not a context that *Bivens* contemplates or addresses. (Mot. at 16.) Second, they argue that West's search and seizure claims are untimely and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id*. at 20-21.) Third, Defendants argue that they are entitled to qualified immunity "because West has not plausibly alleged a violation of clearly established law." (*Id*. at 25.); and

**WHEREAS** the Supreme Court in *Bivens* recognized a damages remedy for the violation of one's civil rights by officials acting under color of state law. *See generally Bivens*, 403 U.S. 388. The Supreme Court "has made clear" that not every constitutional violation alleged against a federal officer gives rise to an implied damages action, and that "expanding the Bivens remedy is now a disfavored judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (internal quotations omitted). "Unless the Supreme Court has recognized the context before, the context is new and a special factors inquiry is required to determine if Bivens expansion is appropriate." *Mack v. Yost*, 968 F.3d 311, 319 (3d. Cir. 2020) (internal quotations omitted); and

---

[1] New Jersey's Megan's Law "permit[s] law enforcement officials to identify and alert the public about sex offenders who may pose a danger to children…[by] establish[ing] both a three-tiered notification system and a registration requirement for prescribed categories of sex offenders." *G.R. v. Grewal*, No. 19-8649, 2020 WL 7022653, at *1 (D.N.J. 2020) (citing N.J.S.A. § 2C:7-1(a)).

**WHEREAS** in *Heck v. Humphrey*, 512 U.S. 477 (1994) "the Supreme Court held that a §
1983 suit should be dismissed when a 'judgment in favor of the plaintiff would necessarily imply
the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the
conviction or sentence has already been invalidated.'" *Long v. Atl. City Police Dep't*, 670 F.3d
436, 447 (3d Cir. 2012) (quoting *Heck*, 512 U.S. at 487); and

**WHEREAS** Federal Rule of Civil Procedure 8 requires that a pleading "contain a short
and plain statement of the claim showing that the pleader is entitled to relief."  To meet this
standard, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to
relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell
Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged."  *Id*. at 663.  *Iqbal*'s "'plausibility' standard does
not require probability, but it does demand more than a sheer possibility that the defendant acted
unlawfully."  *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 72 (3d Cir. 2011).  A
federal court evaluating a motion to dismiss must disregard any legal conclusions.  *See Fowler v.
UPMC Shadyside*, 578 F.3d 203, 210−11 (3d Cir. 2009).  Instead, the court must determine
whether the alleged facts are sufficient to show that plaintiff has a plausible claim for relief.  *See
id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility
of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to
relief."  *Iqbal*, 556 U.S. at 679 (internal quotation marks and citation omitted); and

**WHEREAS** Plaintiff's Megan's Law claims "do not resemble *Bivens*, *Carlson*, or *Green*
in any respect" and thus present a new context for the application of *Bivens*.  (Mot. at 17.)  As
Defendants point out, a *Bivens* remedy is inappropriate here because Plaintiff had several other

remedial options that he could have pursued to address the alleged violation of his rights, such as raising his issues with the Megan's Law hearing in that hearing itself and filing a complaint with the Inspector General regarding his allegations of misconduct by DOJ employees.  (Mot. at 18-19.)  The Court is also persuaded that the potential "systemwide costs and burden on government" and the "harmful effects it would have on the discharge of law enforcement duties by FBI agents and federal prosecutors" counsel against allowing Plaintiff to pursue his *Bivens* claim.  (*Id*. at 19.); and

WHEREAS Plaintiff's Complaint essentially asks the Court to invalidate his criminal conviction and the consequences flowing from it, as he requests "removal from the sex offender registry" based on a finding that his arrest and the legal proceedings leading to his conviction by guilty plea were somehow tainted by "false statements."  (Compl. at 5.)  The Complaint is thus improper and must be dismissed pursuant to *Heck*, as Plaintiff has not demonstrated that this Court or any other court has invalidated his arrest or conviction independently of this action; and

WHEREAS Plaintiff "does not plausibly allege a constitutional violation because he does not explain, in any intelligible way, what the fraudulent information included, how it violated his rights, or even how these federal officials could have had any role in a state Megan's Law prosecution a decade after the federal prosecution."  (ECF 40 (Defendants' Reply).)  The Court thus concludes that Defendants are entitled to qualified immunity because plaintiff has not pleaded claims sufficient to plausibly allege that Defendants violated a clearly established law.

Accordingly, Defendants' Motion to Dismiss is **GRANTED**.  An appropriate order follows.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Cathy L. Waldor, U.S.M.J.
       Parties